## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | Case No. 6:21-cr-00138-RAW-1 |
| vs. | **MOTION TO DISMISS COUNT FOUR AND BRIEF IN SUPPORT** |
| DEVIN WARREN SIZEMORE, Defendant. | |

Defendant Devin Sizemore, by and through his assigned counsel, and pursuant to Rule 12 of the Federal Rules of Criminal Procedure, moves this Court for an order dismissing Count Four of the Indictment.

## Background

Mr. Sizemore is an enrolled member of the Choctaw Nation. This case arises out of his alleged involvement in the tragic death of his young daughter within the historical geographic area of the Choctaw Nation in 2016.

A federal grand jury returned a six-count indictment on May 12, 2021. As relevant here, Count Four charges child abuse:

> On or about, July 15, 2016, within the Eastern District of Oklahoma, in Indian Country, the defendant, **DEVIN WARREN SIZEMORE**, an Indian, did willfully and maliciously, cause and threaten harm to the health, safety, and welfare of, and engaged in child abuse against, Emily

1

Sizemore, his approximately 21-month-old daughter, resulting in her death, in violation of Title 18, United States Code, Section 1151 and 1153 and Title 21 Oklahoma Statutes, Section 843.5(A).

Dtk. No. 20.

In its current form (and at the time of the alleged offense), the Major Crimes Act ("MCA") permits the federal government to prosecute Native Americans in federal courts for certain enumerated offenses committed in Indian territory:

> (a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, *felony child abuse or neglect,* arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

> (b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153 (emphasis added).  *See also Keeble v. United States*, 412 U.S. 205 (1973); Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 215, 120 Stat. 587, 617 (2006).

As clarified in subsection (b) of § 1153, the government, in addition to relying on traditional federal criminal statutes, may also charge a Native American with violating state law, but only when federal law does not define and punish a given MCA offense.  So, as relevant here, although the text of the MCA does not define and punish "felony child abuse," other provisions of federal law do.  18 U.S.C. § 113(a)(7) proscribes assault resulting in substantial bodily injury to an individual under the age of 16 years.  Moreover, 18 U.S.C. § 3509(a)(3) defines "child abuse" as "the physical or mental injury, sexual abuse or exploitation, or negligent treatment of a child."

Despite these adequate provisions of federal law, the government seeks to rely on state law.  As just noted, Mr. Sizemore is charged in Count Four with violating 21 O.S.A. § 843.5(A), which, at the time of the alleged offense, provided:

> Any parent or other person who shall willfully or maliciously engage in child abuse shall, upon conviction, be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections not exceeding life imprisonment, or by imprisonment in a county jail not exceeding one (1) year, or by a fine of not less than Five Hundred Dollars ($500.00)

nor more than Five Thousand Dollars ($5,000.00), or both such fine and imprisonment. As used in this subsection, "child abuse" means the willful or malicious harm or threatened harm or failure to protect from harm or threatened harm to the health, safety, or welfare of a child under eighteen (18) years of age by another, or the act of willfully or maliciously injuring, torturing or maiming a child under eighteen (18) years of age by another.

2014 Okla. Sess. Law Serv. Ch. 240 (H.B. 2334) (WEST).[1]

## Argument

### A.    The indictment improperly relies on a state law to define and punish the alleged offense.

Count Four should be dismissed for failing to state an offense under the Major Crimes Act.  Pursuant to 18 U.S.C. § 1153(b), the government, if seeking to charge a "felony child abuse" offense, had to allege a violation of 18 U.S.C. § 113(a)(7), which proscribes assault resulting in substantial bodily injury to an individual under the age of 16 years, because that offense proscribes federal child abuse.

In *United States v. Ross*, 2013 WL 66651, 12-CR-981-RAW (E.D. Ok. Jan. 4, 2013), this Court rejected a similar argument.  Relying on the Ninth Circuit's decision in *United States v. Other Medicine*, 596 F.3d 677 (9th Cir. 2010), this Court concluded that because the text of the MCA

---

[1] The statute has since been amended in ways not relevant to this motion.

"does not point to a federal definition of felony child abuse," the government has "[d]iscretion concerning which of several overlapping crimes to charge . . . ." Respectfully, that is not the question. Simply because the MCA does not define "felony child abuse" does not answer the question as to whether the government may resort to state law. Rather, the question is whether "federal child abuse" is defined and punished by any provision of federal law. Because 18 U.S.C. § 113(a)(7) punishes felony child abuse and the term is defined in 18 U.S.C. § 3509(a)(3), this Court should revisit its decision in *Ross* and dismiss Count Four.

**B.   The offense alleged in Count Four is unconstitutionally vague.**

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (citing *Kolender v. Lawson*, 461 U.S. 352, 357-358 (1983)). While it has often been said that vagueness challenges to laws that do not implicate the First Amendment are subject to as-applied

challenges only, *see United States v. Rodebaugh*, 798 F.3d 1294 (10th Cir. 2015), the Supreme Court's decisions in *Johnson* and *Davis*, respectively invalidating the so-called residual clauses of 18 U.S.C. § 924(e) and 18 U.S.C. § 924(c) in all cases, demonstrate otherwise.  *Cf. Johnson*, 576 U.S. at 621 ("'When vagueness permeates the text of' a penal law 'infring[ing] on constitutionally protected rights,' 'it is subject to facial attack.'") (Thomas, J., concurring) (citations omitted). Therefore, this Court should dismiss Count Four on both a facial and as-applied basis.

Facially, Count Four's vagueness begins with the MCA.  If this Court finds that Congress did not define "felony child abuse," then who does?  Moreover, what standard is used to determine whether the state law charged by the government falls within scope of an imagined definition of "federal child abuse"?  The MCA does not answer those questions.  Accordingly, the MCA fails the Due Process test by failing to give notice to Mr. Sizemore or to limit arbitrary enforcement.  *See City of Chicago v. Morales*, 527 U.S. 41, 60 (1999) ("The Constitution does not permit a legislature to 'set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be

rightfully detained, and who should be set at large.'") (quoting *United States v. Reese*, 92 U.S. 214, 221 (1876)).

Things do not improve much when turning to the relevant Oklahoma statute. As an initial matter, the statute sets out maximum prison penalties of either life or one year. Which is it? Moreover, the Oklahoma statute criminalizes the "willful or malicious harm or threatened harm or failure to protect from harm or threatened harm to the health, safety, or welfare" of a child. What does it mean to "protect"? And what sort of "harms" count: imminent or future; unconditional or conditional; real or imagined; physical, mental, economic, or reputational, *etc*.? *See id.* (striking down an order deemed vague "'not in the sense that it request a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'") (quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971)).

If assessed only as an "as-applied" challenge, then Mr. Sizemore concedes (though denies any such allegation) that intentionally drowning a child likely satisfies anyone's definition of "felony child abuse." But that is not what the indictment alleges. In fact, the indictment does not

state how Mr. Sizemore is alleged to have violated § 843.5.  Therefore, if

declining to dismiss Count Four as facially unconstitutional, Mr.

Sizemore respectfully requests that this Court order the government to

specify what alleged acts are included within Count Four of the

Indictment before ruling on his as-applied challenge.


February 21, 2022                              Respectfully submitted,


                                               */s/*
                                               Lisa A. Peebles
                                               Federal Public Defender
                                               4 Clinton Square, 3rd Floor
                                               Syracuse, NY 13202
                                               (315) 701-0080
                                               Lisa_Peebles@fd.org

## Certificate of Electronic Filing and Service

This is to certify that on this 21st day of February, 2022, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Rebecca Dunnan, AUSA, and to all counsel of record.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/
Lisa A. Peebles
Federal Public Defender