# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:21-cr-00138-RAW-1 |
| Plaintiff, | |
| vs. | **FOURTH MOTION IN LIMINE** |
| DEVIN WARREN SIZEMORE, | |
| Defendant. | |

Defendant Devin Sizemore, by and through his assigned counsel, and pursuant to Local Criminal Rule 12.1(E), moves this Court for an order precluding the government from introducing the Medical Examiner's Autopsy Report and, if introduced, requiring redaction of the manner of death.

Although the government has not yet informed defense counsel which, if any, portions of the Medical Examiner's autopsy report it intends to rely on at trial, Defendant files this motion early out of an abundance of caution to inform the Court that the admissibility of the report may be an issue at trial.

As relevant here, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be

1

confronted with the witnesses against him." In *Crawford v. Washington*, 541 U.S. 36, 50-51 (2004), the Supreme Court held that the Confrontation Clause applies to in-court testimony and testimonial hearsay. Testimonial statements are ones created "for the purpose of establishing or proving some fact at trial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). The Oklahoma Court of Criminal Appeals has held that state autopsy reports fall within the Confrontation Clause. *Cuesta-Rodriguez v. State*, 241 P.3d 214, 228-29 (2010). Therefore, this Court should preclude the government from introducing the Medical Examiner's autopsy report.

Even if introduced, the portions of the report listing the manner of death should be redacted. The autopsy report claims that the manner of death was homicide. However, nothing in the report states why that conclusion was reached. More particularly, nothing in the report states that the conclusion was based on an independent review of the case or constitutes an independent opinion as to the cause of death. Permitting the government to introduce an unredacted version of the autopsy report that includes the manner of death would impermissibly bolster the government's case by giving an air of scientific certitude to one of the

2

most contested issue in the case, which, in turn, may cause the jury "into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

February 21, 2022                              Respectfully submitted,

                                               */s/*
                                               Lisa A. Peebles
                                               Federal Public Defender
                                               4 Clinton Square, 3rd Floor
                                               Syracuse, NY 13202
                                               (315) 701-0080
                                               Lisa_Peebles@fd.org

**Certificate of Electronic Filing and Service**

This is to certify that on this 21st day of February, 2022, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Rebecca Dunnan, AUSA, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

*/s/*
Lisa A. Peebles
Federal Public Defender