IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>DEVIN WARREN SIZEMORE,<br><br>Defendant. | Case No. 6:21-cr-00138-RAW-1<br><br>**SIXTH MOTION IN LIMINE** |

Defendant Devin Sizemore, by and through his assigned counsel, and pursuant to Local Criminal Rule 12.1(E), moves this Court for an order precluding the government from introducing police reports and other evidence claiming that when searching for Mr. Sizemore in July 2016, they were told or believed he was suicidal, armed or dangerous, or that his daughter was in danger.

Although the government has not yet informed defense counsel that it intends to introduce or elicit such evidence at trial, Defendant files this motion early out of an abundance of caution to inform the Court that the admissibility of this evidence will likely be an issue at trial.

"Under Fed. R. Evid. Rule 801(c) . . . hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing,

1

offered in evidence to prove the truth of the matter asserted." *United States v. Freeman*, 816 F.2d 558, 563 (10th Cir. 1987). The Tenth Circuit has held that "[t]estimony which is not offered to prove the truth of an out-of-court statement, but is offered instead for *relevant* context or background is not considered hearsay." *United States v. Becker*, 230 F.3d 1224, 1228 (10th Cir. 2000). Importantly, however, statements ostensibly offered as background may become inadmissible hearsay when the "background" information touches on the issue of the defendant's guilt. *United States v. Cass*, 127 F.3d 1218, 1224 (10th Cir. 1997). In making that determination, "[o]ne useful clue that courts have looked to is whether the purported background evidence is necessary for the government to be able to tell a coherent story about its investigation." *United States v. Hinson*, 585 F.3d 1328 (10th Cir. 2009). In this case, background evidence that a "be on the lookout" order for both Mr. Sizemore and his daughter had been issued on July 14, 2016 because his mother had not seen or heard from them adequately explains why police officers were searching for Mr. Sizemore and his daughter. Adding claims that Mr. Sizemore might be suicidal, armed or dangerous, or that his daughter may be in danger are "entirely unnecessary to explain the

context of the police investigation" in this case. *Hinson*, 585 F.3d at 1337 (excluding unnecessary background information and collecting cases holding the same).

February 21, 2022                                Respectfully submitted,

*/s/*
Lisa A. Peebles
Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
(315) 701-0080
Lisa_Peebles@fd.org

**Certificate of Electronic Filing and Service**

This is to certify that on this 21st day of February, 2022, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Rebecca Dunnan, AUSA, and to all counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

*/s/*
Lisa A. Peebles
Federal Public Defender