IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DEVIN WARREN SIZEMORE,<br><br>*Defendant*. | Case No. 6:21-cr-138-RAW-JAR |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT**

COMES NOW, the United States of America, by and through CHRISTOPHER J. WILSON, United States Attorney for the Eastern District of Oklahoma, DAVID L. JAFFE, Chief, United States Department of Justice Organized Crime and Gang Section, and Rebecca R. Dunnan, Trial Attorney, and respectfully submits the following response in opposition to the Defendant's Motion to Dismiss Count Four of the Indictment. (Doc. No. 47).

**I. PROCEDURAL HISTORY**

On May 12, 2021, a federal grand jury in the Eastern District of Oklahoma – Muskogee Division, issued a six-count indictment against the defendant charging him with Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153 (Count One), Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153 (Count Two), Voluntary Manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1112(a), 1151, and 1153 (Count Three), Child Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151 and 1153 and 21 Okla. Stat. 843.5(A) (Count Four), Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151 and

1

1153 (Count Five), and Assault and Battery on a Police Officer in Indian Country, in violation of 18 U.S.C. §§ 13, 1151 and 1152 and 21 Okla. Stat. 649 (Count Six). (Doc. No. 20). As alleged in the indictment, on or about July 15, 2016, the defendant murdered his two-year old daughter, Emily Sizemore, by drowning her in a pond in Krebs, Oklahoma. *Id.* When apprehended, the defendant resisted arrest and assaulted J.S., a police officer with the Krebs Police Department at the time. *Id.* In a post-*Miranda* statement, the defendant admitted to drowning her.

On February 21, 2022, the defendant filed a Motion to Dismiss Count Four of the Indictment. (Doc. No. 47). The defendant bases his motion on two arguments – first, that the indictment improperly relies on the Oklahoma definition of child abuse when federal law contains an adequate alternate definition; and second, that the Major Crimes Act is unconstitutionally vague, both facially and as applied to him. The government respectfully disagrees and asks the Court to deny the defendant's motion.

## II. LAW AND ARGUMENT

### A. The Indictment's Use of the Oklahoma Child Abuse Statute is Proper

The defendant alleges that Count Four of the indictment fails to state an offense because it relies on the Oklahoma definition of child abuse rather than on a constellation of federal provisions. The defendant is wrong.

This Court rejected an identical argument in *United States v. Ross*. 2013 WL 66651 (E.D. Okla. Jan. 4, 2013). In *Ross*, the defendant was charged under Title 18, United States

Code, Section 1153—the Major Crimes Act ("MCA")—with felony child abuse,[1] citing Title 21, Oklahoma Statutes, Section 843.5(A). In holding that the defendant was appropriately charged in that count, this Court noted: "Prosecutors are not required 'to charge a crime defined and punished by federal law when a defendant's conduct fits such a crime' when 'the defendant's conduct also fits a separate Major Crimes Act crime defined and punished by state law.'" *Id.* at *1 (quoting *United States v. Other Medicine*, 596 F.3d 677, 681-82 (9th Cir. 2010)). "Because federal law does not define or directly punish 'felony child abuse or neglect,' the MCA provides that it 'shall be defined and punished in accordance with the laws of the State in which such offense was committed.'" *United States v. Clark*. 981 F.3d 1154, 1163 (10th Cir. 2020) (quoting 18 U.S.C. § 1153). *See also United States v. Jones*, 921 F.3d 932, 933 (10th Cir. 2019) (recognizing that "child abuse itself is not a federal offense" and to federally criminalize such conduct on tribal land, prosecutors must look to state law offenses). Applying this Court's reasoning to the instant case, as there is no federal definition of felony child abuse, application of the MCA in Count Four is proper. This alone defeats the defendant's claim.

The defendant also points to Title 18, United States Code Sections 3509(a)(3) and 113(a)(7) to define child abuse under federal law, arguing that these two provisions are a more appropriate means to charge the relevant conduct. But, as the defendant acknowledges, this exact argument was rejected by the Ninth Circuit in *Other Medicine* and by this Court in *Ross*. Section 3509(a)(3) does indeed define the term "child abuse," but only in the context

---

[1] And, of course, "felony child abuse" is one of the offenses specifically enumerated by the text of the MCA itself as falling under its purview when committed by an Indian against another Indian or another person within the exclusive jurisdiction of the United States (tribal land). 18 U.S.C. § 1153(a).

of the Rights of Child Victims and Child Witnesses, which merely sets forth the rights of children in criminal proceedings. *See* 18 U.S.C. § 3509 *et seq.* This definition is thus not intended to define and punish, nor does it claim to define and punish, a criminal offense. Further, the text of Section 3509(a)(3) itself makes clear that it applies to that section only and not more broadly to the United States Code.

Nor does Section 113(a)(7) provide a suitable avenue to prosecute the defendant's alleged conduct. That section criminalizes "[a]ssault resulting in substantial bodily injury to a spouse or intimate partner, a dating partner, or an individual who has not attained the age of 16 years, by a fine under this title or imprisonment for not more than 5 years, or both." 18 U.S.C. § 113(a)(7). The statute requires assaultive conduct to commit the offense. By contrast, the charged Oklahoma child abuse and neglect statute criminalizes "willfully and maliciously, caus[ing] and threaten[ing] harm to the health, safety, and welfare of" a child or engaging in abuse against a child. Title 21, Oklahoma Statutes, Section 843.5(A).[2] Such language covers far broader conduct than the federal assault statute. As this Court has acknowledged, where "[d]iscretion concerning which of several overlapping crimes to charge rests with federal prosecutors," the use of the MCA in this case to charge conduct that more closely tracks state law is appropriate. *Ross* at *1. Under the Tenth Circuit's analysis in *Clark*, it simply cannot be said that Section 3509(a)(3) or 113(a)(7) preempt the application of state child abuse law through the MCA. Accordingly, the government's reliance on Oklahoma state law is exactly what the Major Crimes Act directs.

---

[2] *See also* Oklahoma Uniform Criminal Jury Instructions, § 4-35(A) – Child Abuse (Injure, Torture, Maim) (2012 Supp.) (for elements of offense).

### B. The Major Crimes Act is Facially Constitutional

The defendant then attacks the MCA under two due process violation theories. As the defendant concedes, his first argument, that the MCA is facially unconstitutional, must fail. (Doc. No. 47 at pp. 5-6). As set forth below, because the defendant's First Amendment rights are not implicated, he cannot challenge Count Four of the indictment on the grounds that it is facially unconstitutional.

In *United States v. Rodebaugh*, the Tenth Circuit held that "a court will consider a law's facial vagueness only if it threatens First Amendment interests or if the challenge is made before enforcement" of the provision at issue. 798 F.3d 1281, 1294-95 (10th Cir. 2015) (citing *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988)). As the defendant raises no First Amendment challenges in this case, and the statue has already been enforced against him, his facial vagueness challenge is without merit.

Moreover, the defendant's complaint that the MCA is unconstitutionally vague because does not give proper notice of the definition of its terms, or its penalties, is similarly without merit. The Tenth Circuit has decided a nearly identical vagueness challenge to the MCA and found it without merit. In *Talk v. United States*, the Tenth Circuit ruled that the MCA "is clearly defined by reference to state law and the penalty which may be imposed for a conviction of such offense is prescribed in paragraph 2 of § 1153." 509 F.2d 862, 863 (10th Cir. 1974).

This holding should be applied with equal force to the defendant's claims regarding the Oklahoma offense charged via the MCA in Count Four in this case. That, as the defendant argues, the penalty provisions of the underlying Oklahoma offense appear unclear

to him are of no moment. As the Tenth Circuit explained in *Clark*, federal sentencing guidelines and procedures dictate state violations of the MCA, not that state's sentencing scheme. 981 F.3d at 1154. The defendant does not, and cannot, argue that the federal sentencing guidelines for this count are at all unclear or uncertain.

For these reasons, the defendant's due process challenge to the MCA itself should also be denied.

### C. The Major Crimes Act is Constitutional As Applied to Defendant

The defendant's second due process argument is that, as applied, Count Four does not provide the defendant with sufficient notice of how he abused his daughter. Prevailing precedent analyzes the sufficiency of charging documents in a way that is fatal to the defendant's claim.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014) (citations omitted). This is a "practical rather than technical consideration[]." *Id*. Where an "indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *Id*.

By this standard, Count Four provides sufficient constitutional notice of the nature and specifics of the crime alleged under the MCA. The indictment lists the elements of the Oklahoma child abuse and neglect statute, Section 843.5(A). It further provides the relevant date, that the offense occurred in Indian Country, and that the defendant is, in fact, an Indian.

(Doc. No. 20 at p. 2). The indictment also succinctly describes the nature of the crime: that the defendant "did willfully and maliciously, cause and threaten harm…against, Emily Sizemore, his approximately 21-month-old daughter, resulting in her death." *Id.* In his motion, the defendant identifies and concedes that intentionally drowning Emily Sizemore, if proven, would qualify under the statute. Count Four adequately pleads Child Abuse in Indian Country, and the Defendant agrees that the facts in this case, if proven, would constitute that offense. For these reasons, this portion of the defendant's motion should also be denied.

## III. <u>CONCLUSION</u>

In summary, the Defendant has not demonstrated any defect in Count Four of the indictment. The offense charged—Count Four, Child Abuse in Indian Country—was properly pled in accordance with the Major Crimes Act. Additionally, the MCA is constitutional, both facially as the Tenth Circuit has held, and as applied to the defendant in this case. Accordingly, the defendant's Motion to Dismiss Count Four of the Indictment should be denied.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

DAVID L. JAFFE
Chief, Organized Crime and Gang Section

<u>/s/ Rebecca R. Dunnan</u>
Rebecca R. Dunnan
Trial Attorney
U.S. Department of Justice
Organized Crime & Gang Section
1301 New York Avenue, N.W.
Washington, D.C. 20005
Phone: 202-355-5652

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to:

Lisa Peebles, Counsel for Defendant

s/ Rebecca R. Dunnan<br>
Rebecca R. Dunnan<br>
Trial Attorney