# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No.: 6:21-cr-00138-RAW** |
| **DEVIN WARREN SIZEMORE,** | |
| *Defendant.* | |

## GOVERNMENT'S MOTION TO COMPEL DISCOVERY

COMES NOW the United States of America, by and through its attorneys, Christopher J. Wilson, Acting United States Attorney for the Eastern District of Oklahoma, and David L. Jaffe, Chief, Organized Crime and Gang Section, and Lisa K. Man and Gerald A. A. Collins, Trial Attorneys, Organized Crime and Gang Section, U.S. Department of Justice, and hereby requests that this Court compel the defendant to remit materials referenced in the report generated by the defendant's expert. In support of its motion, the United States proffers the following:

On May 12, 2021, a federal grand jury in the Eastern District of Oklahoma – Muskogee Division, issued a six-count indictment against the defendant charging him with Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153 (Count One), Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153 (Count Two), Voluntary Manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1112(a), 1151, and 1153 (Count Three), Child Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151 and 1153 and 21 Okla. Stat. 843.5(A) (Count Four), and Assault Resulting in Serious Bodily Injury

in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151 and 1153 (Count Five). (Doc. No. 20).[1]

Prior to the filing of federal charges, the defendant was tried and convicted in Oklahoma state court. Specifically, on October 31, 2018, in the District Court of Pittsburg County, the defendant was convicted of Murder First Degree and Assault and Battery of a Police Officer. (Oklahoma v. Sizemore, Case No. CF-2016-593, in the District Court of Pittsburg County). Thereafter, he was sentenced to life without parole for the murder conviction with a five-year sentence for Assault and Battery of a Police Officer. Following the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020), the defendant appealed his conviction. The Oklahoma Court of Criminal Appeals vacated his judgment and sentence and remanded the case to the district court with instructions to dismiss. (Sizemore v. Oklahoma, 2021 OK CR 6, Case No. F-2018-1140, Apr. 5, 2021).

On February 21, 2022, the defendant filed a Motion to Suppress and a Notice of Expert Testimony in Support of said motion (Doc. No. 46). The defendant indicated that he would call Dr. Matthew Clem to testify that the defendant did not voluntarily, knowingly, and intelligently waive his Miranda rights and provided notice to call Dr. Clem as an expert witness (Doc. No. 46). Dr. Clem's report was attached as an exhibit (Doc. No. 46, Attachment 1). In his report, Dr. Clem evaluated the defendant's competency to waive his Miranda rights and utilizes, in part, the Standardized Assessment of Miranda Abilities ("SAMA") test to come to his conclusion that the defendant was not, in fact, competent to waive his Miranda rights. Hearing on the defendant's motion is scheduled for September 22, 2022.

---

[1] Count Six of the Indictment charging Assault and Battery on a Police Officer in Indian Country, in violation of 18 U.S.C. §§ 13, 1151 and 1152 and 21 Okla. Stat. 649 was dismissed on the government's motion by the Court. (Doc. Nos. 80, 81).

2

The Federal Rules of Discovery Rule 16(C) governs the rules of discovery pertaining to expert witnesses. Rule 16(C) states that "the defendant must, at the government's request, give to the government a written summary of any testimony the defendant intends to use." Rule 16(C) further expounds on the summary, which "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

Federal Rule of Criminal Procedure 26.2(a) states: "After a witness other than the defendant has testified on direct examination, the court, on motion of the party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony."

Rule 26.2 defines a statement to include, "a written statement that the witness makes and signs, or otherwise adopts or approves". See Federal Rule of Criminal Procedure 26.2(f)(1).

The rule affords the party who requests the statement a recess in order to review the statement. Finally, Federal Rule of Criminal Procedure 12(h) applies Rule 26.2 to suppression hearings.

The defendant retained Dr. Clem to assess the defendant's "competency to waive Miranda rights at the time of his 7/15/16 interview." (Doc. No. 46, Attachment 1, page 3). Dr. Clem's report details that his evaluation procedures included use of the SAMA. (Doc. No. 46, Attachment 1, page 4) and has a lengthy discussion of the defendant's performance on each portion of the five-part test that makes up the SAMA. Dr. Clem performed the SAMA in order to reach his conclusion that the defendant is not competent to waive his Miranda rights. In short, the SAMA is information which form the "bases and reasons" for Dr. Clem's conclusion as contemplated in Rule 16(C). Dr. Clem's reliance on the SAMA falls squarely within the

3

mandated disclosure addressed in Rule 16(C).  Thus, the government is requesting the SAMA

five-part test and Dr. Clem's notes on such in order to properly examine Dr. Clem at the

September 22 hearing. Further, any written test notations by Dr. Clem (e.g. scoring the SAMA

test) constitute statements as defined by Federal Rule of Evidence 26.2(f).  To avoid unnecessary

delay at the September 22, 2022, suppression hearing, the government is requesting Dr. Clem's

statements, specifically his notations as to the SAMA test he administered to the defendant prior

to this hearing.

Rules 26.2 and 16(C) mandate that the information relied upon by Dr. Clem in his report

be disclosed to the Government. Opposing counsel have discussed the matter and have been

unable to come to a satisfactory conclusion.

Based on the above representations, the Government respectfully requests that the Court

compel the defendant to comply with the above-referenced sections of the Rules, and provide the

requested materials to the government in advance of the hearing.


Dated September 15, 2022

                                            Respectfully submitted,

                                            CHRISTOPHER J. WILSON
                                            Acting United States Attorney


                                            _____/s/_____
                                            Lisa K. Man
                                            Trial Attorney
                                            United States Department of Justice
                                            Organized Crime and Gang Section
                                            1301 New York Avenue, Suite 700
                                            Washington, D.C. 20005
                                            (202) 412-6584
                                            Lisa.Man@usdoj.gov

4

_____/s/_____
Gerald A. A. Collins
Trial Attorney
United States Department of Justice
Organized Crime and Gang Section
1301 New York Avenue, Suite 700
Washington, D.C. 20005
(202) 262-6484
Gerald.A.Collins@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2022, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for Filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing for the following ECF registrants: Lisa Peebles, Counsel for the Defendant

_____/s/_____
Lisa K. Man

2