# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. DEVIN WARREN SIZEMORE, *Defendant.* | Case No.: 6:21CR-00138-RAW |

## GOVERNMENT'S TRIAL BRIEF

COMES NOW the United States of America, by and through Christopher J. Wilson, Acting United States Attorney, David L. Jaffe, Chief of the Organized Crime and Gang Section of the United States Department of Justice, and Lisa K. Man and Gerald A. A. Collins, Trial Attorneys, Organized Crime and Gang Section, U.S. Department of Justice of the United States Department of Justice, and respectfully submits its brief for trial in the above-captioned case.

## STATUS OF THE CASE

A. A jury trial is currently set for November 1, 2022, at 9:00 a.m. before the Honorable Ronald A. White.

B. Estimated time for trial (including jury selection) is 5-6 days.

C. The defendant is in custody.

D. Trial by jury has not been waived.

E. The United States expects to call approximately 15-18 witnesses.

F. An interpreter is not needed.

G. The United States anticipates that it will offer electronic media at trial. This includes audio-recorded interviews of the defendant.

H. The parties have not reached any stipulations.

1

I. The defendant has given the United States notice of the affirmative of Not Guilty by Reason of Insanity. The defendant has provided the United States with discovery.

**FACTUAL & PROCEDURAL OVERVIEW**

On July 14, 2016, Christina Sam called the Krebs Police Department to report that her son, Devin Sizemore (hereinafter "the defendant") and his daughter Emily Sizemore were missing. Krebs Police Department ("KPD") and other local law enforcement agencies began searching for the defendant and Emily.

During the early morning hours of July 15, 2016, Officer Jack Suter and Pittsburgh County Dustin Wall were in the area of Krebs Lake Road when they heard screaming and yelling. When they got closer, they observed an individual running through the woods. Officers followed the individual and reached a pond where they observed the defendant neck-deep in the water with a small body – later identified as Emily Sizemore.

Officer Suter ordered the defendant out of the water. The defendant refused. Officer Suter waded into the water where a struggle ensued. At one point, the defendant put two hands around Officer Suter's neck and held him under water. Deputy Wall was able to pull the defendant away from Officer Suter. Officers were able to get the defendant out of the water, where the defendant continued to resist being handcuffed before several officers were able to handcuff him.

In the meantime, other officers pulled Emily out of the water and performed CPR on her but she remained unresponsive. Officers drove Emily to the ambulance, where she was transported to McAlester Regional Hospital Center. She was pronounced dead at the hospital.

Officer Suter sought medical attention at MRHC for pain to his throat and difficulty swallowing due to the struggle. Photographs depict scratches and redness to his neck area. The defendant was also taken to the MRHC for medical attention. Records indicate a laceration to the

left side of the defendant's head, swelling to his nose, and pain in his lower right leg. That same day, the defendant was medically cleared and taken to Pittsburg County Jail.

That same day, officers returned to photograph the crime scene. While there, they discovered a hole that had been dug in a horse stall that was approximately 3 feet long by 2 feet wide by 1 foot deep. Neither the landowner, Jack Mouser, nor his son, Blane Mouser, had dug the hole. Both Mousers reported that no one, to their knowledge, had been on the property nor had they given anyone permission to be on their property.

On July 15, 2016, after being read his Miranda rights, the defendant provided an audio-recorded statement to Oklahoma State Bureau of Investigation (OSBI) Agent John Jones. The defendant admitted that he took Emily from his mother, Christina Sam's, home. The defendant said he put Emily in the water, took her out, and then "revived her back" and "put her on the hill." He said he held her down in the water for about 30 seconds to baptize her, but "something went wrong." The defendant said he then went to find "the horse." At a separate point in the interview, the defendant claimed he blacked out and then remembered being hit in the head. He remembered Emily being taken to the hospital, but indicated he thought Emily was still alive.

An autopsy was conducted on July 15, 2016 by Dr. David Arboe II of the Medical Examiner's Office located in Tulsa, Oklahoma. Dr. Arboe ruled the cause of death as drowning and ruled the manner of death a homicide.

The defendant is a member of the Choctaw Nation. This also occurred in Choctaw County, which is Indian Country.

On May 12, 2021, the United States obtained an indictment against the defendant charging him with Count 1: Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153; Count 2: Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and

1153; Count 3: Voluntary Manslaughter in Indian Country, in violation of 18 U.S.C. §§1112(a), 1151, and 1153; Count 4: Child Abuse in Indian Country, in violation of 18 U.S.C. §§1151 and 1153, 21 Okla. Stat. 843.5(A), Count 5: Assault resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§113(a)(6), 1151, and 1153, and Count 6[1]: Assault and Battery on a Police Officer in Indian Country, in violation of 18 U.S.C. §§13, 1151, and 1152, 21 Okla. Stat. 649. *See* ECF No. 21. The defendant appeared for an Initial Arraignment on May 18, 2021, and detained pending trial. *See* ECF No. 27. On May 24, 2021, counsel for the defendant filed an unopposed motion to continue pretrial motions as well as the jury trial, then set for July 6, 2021. That motion was granted by the Court on May 25, 2021, and trial was reset for October 5, 2021. *See* ECF No. 35. On August 4, 2021, counsel for the defendant filed an unopposed motion to continue pretrial motions as well as the jury trial. That motion was granted by the Court on August 5, 2021, and trial was reset for January 4, 2022. *See* ECF No. 38. On October 28, 2021, counsel for the defendant filed an unopposed motion to continue pretrial motions as well as the jury trial. That motion was granted by the Court on November 5, 2021, and trial was reset for March 1, 2022. *See* ECF No. 41. On January 4, 2022, counsel for the defendant filed an unopposed motion to continue pretrial motions as well as the jury trial. That motion was granted by the Court on January 5, 2022, and trial was reset for April 5, 2022. *See* ECF No. 44. On February 21, 2022, counsel for the defendant filed a Notice of Insanity Defense. *See* ECF. No. 49. On March 3, 2022, counsel for the defendant filed an unopposed motion to continue trial. That motion was granted by the Court on March 4, 2022, and trial reset to October 4, 2022. *See* ECF No. 71. On July 22, 2022, the United States filed a motion to continue the suppression hearing and trial date. That motion was granted by the Court on July 25, 2022, and the suppression hearing was reset to September 22, 2022, and

---

[1] Count Six was dismissed by the Government on April 27, 2022. *See* ECF No. 80.

4

trial until November 1, 2022. *See* ECF. No. 92. On September 22, 2022, a suppression hearing was held before the Honorable Magistrate Judge Jason A. Roberson. *See* ECF. No. 107.

### OFFENSES ALLEGED IN THE INDICTMENT

### COUNT ONE

### MURDER IN INDIAN COUNTRY
### [18 U.S.C. §§ 1111(a), 1151, and 1153]

The defendant is charged in Count One of the Indictment with First Degree Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. In order to find the defendant guilty of that charge, the government must prove the following elements beyond a reasonable doubt:

First: the defendant caused the death of Emily Sizemore, the victim named in the indictment;

Second: the defendant killed the victim with malice aforethought;

Third: the killing was premeditated;

Fourth: the killing took place within the territorial jurisdiction of the United States; to wit: Indian Country and

Fifth: the defendant is an Indian.

### COUNT TWO

### SECOND DEGREE MURDER IN INDIAN COUNTRY
### [18 U.S.C. §§ 1111(a), 1151 and 1153]

The defendant is charged in Count Two of the Indictment with Second Degree Murder in Indian Country in violation of 18 U.S.C. §§1111(a), 1151, and 1153. In order to find the defendant guilty of that charge, the government must prove the following elements beyond a reasonable doubt:

First:   the defendant caused the death of Emily Sizemore, the victim named in the indictment.

Second: the defendant killed the victim with malice aforethought.

Third:  the killing took place within the territorial jurisdiction of the United States, to wit: Indian Country; and

Fourth: the defendant is an Indian.

## COUNT THREE

### VOLUNTARY MANSLAUGHTER IN INDIAN COUNTRY
### [18 U.S.C. §§1112(a), 1151, and 1153]

The defendant is charged in Count Three of the Indictment with Voluntary Manslaughter in Indian Country in violation of 18 U.S.C. §§1112(a), 1151, and 1153. In order to find the defendant guilty of that charge, the government must prove the following elements beyond a reasonable doubt:

First:   The defendant killed Emily Sizemore.

Second: The defendant acted unlawfully.

Third:  While in a sudden quarrel/heat of passion, and therefore without malice aforethought, the defendant acted with a depraved heart, that is, recklessly with extreme disregard for human life.

Fourth:  the killing took place within the territorial jurisdiction of the United States, to wit: Indian Country; and

Fifth: the defendant is an Indian.

## COUNT FOUR

### CHILD ABUSE IN INDIAN COUNTRY
### [18 U.S.C. §§1151 and 1153; 21 Okla. Stat. 843.5(A)]

The defendant is charged in Count Four of the indictment with Child Abuse in Indian Country in violation of 18 U.S.C. §1151 and 1153 and 21 Okla. Stat. 843.5(A). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First:   The defendant, a person responsible for a child's health, safety, or welfare;

Second: willfully/maliciously;

Third:  harmed/failed to protect from harm to the health, safety, or welfare;

Fourth: of a child under the age of eighteen.

Fifth:  the abuse took place within the territorial jurisdiction of the United States, to wit:

Indian Country; and

Sixth:  the defendant is an Indian.

# COUNT FIVE

### ASSAULT RESULTING IN SERIOUS BODILY INJURY IN INDIAN COUNTRY
### [18 U.S.C. §§113(a)(6), 1151 and 1153]

The defendant is charged in Count Five of the indictment with Assault Resulting in Serious Bodily Injury in Indian Country in violation of 18 U.S.C. §§113(a)(6), 1151 and 1153 and 21 Okla. Stat. 843.5(A). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First:   The defendant assaulted J.S.;

Second: as a result of that assault, J.S. suffered serious bodily injury;

Third:  the assault took place within the territorial jurisdiction of the United States, to wit:

Indian Country; and

Fourth: the defendant is an Indian.

### PROPOSED WITNESSES AND
### TIME OF DIRECT EXAMINATION

The United States expects to call the following witnesses in its case-in-chief. The anticipated time for the direct examination and a summary of the expected testimony is provided for each witness. (*Note:* This is not an exhaustive list of potential witnesses in the case, but merely the witnesses the Government believes may be necessary. Also, the witnesses are in no particular order.)

1. **Michael House**
   **Krebs Police Department**
   **Approximately 60 minutes**

2. **Jack Suter**
   **Approximately 90 minutes**

3. **Dustin Wall**
   **Pittsburgh County Sheriff's Office**
   **Approximately 30 minutes**

4. **Cody Vaughn**
   **Pittsburgh County Sheriff's Office**
   **Approximately 45 Minutes**

5. **Richard Bedford**
   **McAlester Police Department**
   **Approximately 45 minutes**

6. **Custodian of Records**
   **Choctaw Nation of Oklahoma**
   **Approximately 15 Minutes**

7. **Special Agent John Jones**
   **Oklahoma State Bureau of Investigation**
   **Approximately 90 minutes**

8. **Custodian of Records**
   **Pittsburgh County jail**
   **Approximately 15 minutes**

9. **Colby Barnett**
   **McAlester Police Department**
   **Approximately 45 Minutes**

10. **Rance Lee Warren**
    **Choctaw Tribal Police Department**

11. **Jack Mouser**
    **Approximately 30 Minutes**

12. **Blane Mouser**
    **Approximately 30 Minutes**

13. **Ronald Williams**
    **Approximately 30 Minutes**

14. **Michael Powel**
    **Approximately 30 minutes**

15. **Doris Ayers**
    **Approximately 30 minutes**

16. **Margie Harris**
    **Approximately 30 minutes**

17. **Dr. David Arboe**
    **American Forensics**
    **Approximately 60 Minutes**

18. **Dr. Samuel Browning**
    **Bureau of Prisons**
    **Approximately 90 Minutes**

### LEGAL AND EVIDENTIARY ISSUES

**Defenses, Defense Evidence, and Discovery**

Defense counsel has informed the United States that it intends to offer an affirmative defense of Not Guilty by Reason of Insanity and discovery has been provided.

For the defendant to prevail on a defense of not guilty by reason of insanity, the defendant must prove by clear and convincing evidence that (1) that he suffered from a severe mental disease or defect when he committed the crime; and (2) that, as a result of this mental disease or defect, he was not able to understand what he was doing or to understand that it was wrong. See Tenth Circuit Pattern Jury Instruction 1.34.

**Stipulations**

At this time, the parties have not entered into any stipulations.

**Pre-admission of Exhibits**

The Government will request a conference with defense counsel regarding the pre-admission of the Government's Exhibits.

**Rule of Sequestration**

The United States requests the Court instruct the witnesses for both the United States and the Defense to comply with Rule 615 of the Federal Rules of Evidence. The United States will request that FBI Special Agents Joseph Dick and Austin McCourt be allowed to sit at counsel table as the case agents.

**Evidentiary Matters**

The Government does not plan to file motions *in limine*. The Government has only filed:

- Government's Notice of Intent to Offer Expert Witnesses

The Government will file a response to any motions filed by the defense.

**CONCLUSION**

The Government respectfully submits this Trial Brief in an attempt to anticipate the factual and legal issues which may arise at trial. The Government requests that the Court grant it leave to submit additional briefing should subsequent issues be identified.

    Respectfully submitted,

    CHRISTOPHER J. WILSON
    United States Attorney


    David L. Jaffe
    Chief, Organized Crime and Gang Section

    */s/ Lisa K. Man*
    Lisa K. Man
    MD Bar No. 0706110155
    Trial Attorney
    United States Department of Justice
    Organized Crime and Gang Section
    1301 New York Avenue, Suite 700
    Washington, D.C. 20005
    (202) 412-6584
    Lisa.Man@usdoj.gov

    /s/
    Gerald A. A. Collins

Trial Attorney
United States Department of Justice
Organized Crime and Gang Section
1301 New York Avenue, Suite 700
Washington, D.C. 20005
(202) 262-6484
Gerald.A.Collins@usdoj.gov

# CERTIFICATE OF SERVICE

    I, hereby certify that on October 11, 2022, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Lisa Peebles, Attorney for Defendant.

                                            s/ *Lisa K. Man*
                                            Lisa K. Man
                                            Trial Attorney