# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEVIN WARREN SIZEMORE,<br><br>    Defendant. | Case No. CR-21-138-RAW |

## ORDER

Before the court is the Defendant's Motion to Dismiss Count Four [Docket No. 47] and the Government's response thereto [Docket No. 79]. The Defendant is charged in Count Four with child abuse in Indian Country in violation of 18 U.S.C. §§ 1151 and 1153 and 21 OKLA. STAT. § 843.5(A). The Defendant argues that the Indictment improperly relies on state law to define and punish the alleged offense and that Count Four is unconstitutionally vague. The Defendant notes that this court rejected a similar argument in *United States v. Ross*, No. CR-12-081-RAW, 2013 WL 66651 (E.D. Okla. Jan. 4, 2013), but argues that the court should revisit its decision in *Ross* and dismiss Count Four.

The court has revisited its ruling in *Ross* and finds that the Defendant's motion must be denied. As in *Ross*, the Government has charged the Defendant pursuant to the Major Crimes Act, 18 U.S.C. § 1153. Subsection (a) specifically lists but does not define "felony child abuse." "Without a federal law defining and punishing felony child abuse, the government may look to applicable state law to define the crime." *United States v. Other Medicine*, 596 F.3d 677, 681 (9th Cir. 2010). "Congress deliberately added felony child abuse to the Major Crimes Act.

Section 1153(b) does not prevent prosecutors from charging that crime in instances of child abuse that rise to the level of a state-defined felony." *Id*. at 681-82. "In sum, there is federal jurisdiction under the Major Crimes Act to prosecute cases of physical assault on a child either as a misdemeanor or—if the elements of a state-defined felony are present—as "felony child abuse." Discretion concerning which of several overlapping crimes to charge rests with federal prosecutors." *Id*. at 682 (citations omitted). The Indictment does not improperly rely on state law.

Furthermore, Count Four is not unconstitutionally vague. As the Government argues, the offense "is clearly defined by reference to state law and the penalty which may be imposed for a conviction of such offense is prescribed in . . . § 1153." *Talk v. United States*, 509 F.2d 862, 863 (10th Cir. 1974). The federal sentencing guidelines are not unclear or uncertain. Additionally, Count Four provides sufficient notice of the nature and specifics of the crime alleged under the Major Crimes Act.

The Defendant's Motion to Dismiss Count Four [Docket No. 47] is hereby DENIED.

**IT IS SO ORDERED** this 18th day of October, 2022.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**