# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEVIN WARREN SIZEMORE,<br><br>    Defendant. | Case No. CR-21-138-RAW |

## ORDER

Before the court are the Defendant's motions in limine [Docket Nos. 50, 51, 52, 53, 54, 55, 56, and 57] and the Government's response thereto [Docket No. 78].

As to the Defendant's First Motion regarding the prior state court case, the Government agrees unless the Defendant opens the door. The court finds this motion [Docket No. 50] is MOOT.

In his Second Motion, the Defendant seeks an order precluding any reference to a hole located in a tack shed as a grave, burial site, or other related term, arguing that any probative value would be substantially outweighed by its prejudicial effect. The Government argues this would be proper lay opinion testimony pursuant to Rule 701, as it is (1) "rationally based on the witness's perception," (2) "helpful to clearly understanding the witness's testimony or determining a fact in issue," and (3) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Government argues it is relevant. Specifically, the fact that a witness would find such a hole dug to the size of Emily's body relevant to the murder or out of the ordinary is appropriate, as it would further tie the hole to the defendant's

premeditation and intent in planning and executing the murder of Emily.  Finally, the Government argues that the description of the hole is more probative of the Defendant's *mens rea* than it is prejudicial.  The court agrees.  This motion [Docket No. 51] is DENIED.

In his Third Motion, the Defendant seeks to preclude images and videos of the decedent, Emily Sizemore, as unduly gruesome and unfairly prejudicial.  The Government argues that these are inherently relevant to proving the Defendant's culpability for her murder, as well as his knowledge, intent, and understanding about the nature of the crime he committed.  Nevertheless, the Government will not seek to introduce all of the images and videos, and notes that the motion is premature, as the defense will have an opportunity to review all potential exhibits.  At this time, the motion [Docket No. 52] is DENIED.  The Defendant may re-urge it as to any potential exhibits at trial.

In his Fourth Motion, the Defendant seeks to preclude the Medical Examiner's Autopsy Report, and if it is introduced, he requests redaction of the manner of death.  The Medical Examiner may testify about the autopsy and his findings, including the manner of death, but the report itself will not be introduced.  The motion [Docket No. 53] is, therefore, GRANTED in part and DENIED in part.

In his Fifth Motion, the Defendant seeks preclusion of his Rule 12.2 insanity defense notice.  The Government agrees that it will not raise the issues unless the Defendant opens the door.  This motion [Docket No. 54] is MOOT.

In his Sixth Motion, the Defendant seeks preclusion of evidence that police believed he was suicidal, armed, dangerous, or that his daughter was in danger, arguing that such evidence is unnecessary to explain the context of the police investigation.  The court agrees.  The motion [Docket No. 55] is GRANTED.

In his Seventh Motion, the Defendant seeks preclusion of any reference to Emily Sizemore or Jack Suter as "victim." As the Government argues, under Rules 401, 402, and 403, use of the word is more probative of an individual's status than prejudicial to the defendant. The motion [Docket No. 56] is DENIED.

In his Eighth Motion, the Defendant seeks preclusion of emotional witness reaction concerning the discovery and rescue attempts of Emily Sizemore, noting that at the conclusion of the body camera recording of Officer Jack Suter, he can be heard crying uncontrollably concerning the discovery of Emily Sizemore. The Government may introduce evidence regarding how responders found Emily but may not introduce the portion of the recording showing Officer Suter crying uncontrollably, as such evidence would violate Rule 403. This motion [Docket No. 57] is GRANTED in part and DENIED in part.

Also pending before the court is the Defendant's motion to compel disclosure of Rule 404(b) evidence [Docket No. 58]. As the Government has a duty to provide reasonable notice of any such evidence it intends to offer at trial and has not responded with any such notice, the court presumes there is no 404(b) evidence and finds this motion MOOT.

**IT IS SO ORDERED** this 1st day of March, 2023.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**