### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **DEVIN WARREN SIZEMORE,** *Defendant.* | Case No.: 6:21CR-00138-RAW |

### GOVERNMENT'S AMENDED TRIAL BRIEF

COMES NOW the United States of America, by and through Christopher J. Wilson, United States Attorney, David L. Jaffe, Chief of the Organized Crime and Gang Section of the United States Department of Justice, and Lisa K. Man and Gerald A. A. Collins, Trial Attorneys, and respectfully submits its brief for trial in the above-captioned case.

### STATUS OF THE CASE

A. A jury trial is currently set for April 4, 2023, at 9:00 a.m. before the Honorable Ronald A. White.

B. Estimated time for trial (including jury selection) is 7-8 days.

C. The Defendant is in custody.

D. Trial by jury has not been waived.

E. The United States expects to call approximately 17-20 witnesses.

F. An interpreter is not needed.

G. The United States anticipates that it will offer electronic media at trial. This includes body camera footage and audio-recorded interviews of the defendant.

H. The parties will stipulate that the defendant is an Indian and that this offense occurred in Indian Country.

1

I. The Defendant has given the United States notice of the affirmative defense of not guilty by reason of insanity. The Defendant has provided the United States with discovery.

**FACTUAL & PROCEDURAL OVERVIEW**

On July 14, 2016, Christina Sam called the Krebs Police Department to report that her son, Devin Sizemore (hereinafter "the defendant") and his daughter Emily Sizemore were missing. Krebs Police Department ("KPD") and other local law enforcement agencies began searching for the defendant and Emily.

In the early morning hours of July 15, 2016, officers were approaching an area of Krebs Lake Road when they heard screaming and yelling and saw an individual running through the woods. Officers followed the individual and reached a pond where they observed the defendant neck-deep in the water with a small body—later identified as Emily Sizemore—floating face down in the pond. No one else was on the property at that time.

Officer Suter ordered the defendant out of the water. The defendant refused. Officer Suter waded into the water where a struggle ensued. At one point, the defendant put two hands around Officer Suter's neck and held him under water. Deputy Wall was able to pull the defendant away from Officer Suter. Officers were able to get the defendant out of the water, where the defendant continued to resist being handcuffed before several officers were able to handcuff him.

In the meantime, other officers pulled Emily out of the water and performed CPR on her but she remained unresponsive. Officers drove Emily to the ambulance, where she was transported to McAlester Regional Hospital Center. She was pronounced dead at the hospital.

Officer Suter sought medical attention at MRHC for pain to his throat and difficulty swallowing due to the struggle. Photographs depict scratches and redness to his neck area. The

defendant was also taken to the MRHC for medical attention. Records indicate a laceration to the left side of the defendant's head, swelling to his nose, and pain in his lower right leg. That same day, the defendant was medically cleared and taken to Pittsburg County Jail.

That same day, officers returned to photograph the crime scene. While there, they discovered a hole that had been dug in a horse stall that was approximately 3 feet long by 2 feet wide by 1 foot deep. Neither the landowner, Jack Mouser, nor his son, Blane Mouser, had dug the hole. Both Mousers reported that no one, to their knowledge, had been on the property nor had they given anyone permission to be on their property.

On July 15, 2016, after being read his Miranda rights, the defendant provided an audio-recorded statement to Oklahoma State Bureau of Investigation (OSBI) Agent John Jones. The defendant admitted that he took Emily from his mother, Christina Sam's, home. The defendant said he put Emily in the water, took her out, and then "revived her back" and "put her on the hill." He said he held her down in the water for about 30 seconds to baptize her, but "something went wrong." The defendant said he then went to find "the horse." At a separate point in the interview, the defendant claimed he blacked out and then remembered being hit in the head. He remembered Emily being taken to the hospital, but indicated he thought Emily was still alive.

An autopsy was conducted on July 15, 2016 by Dr. David Arboe II of the Medical Examiner's Office located in Tulsa, Oklahoma. Dr. Arboe ruled the cause of death as drowning and ruled the manner of death a homicide.

The defendant is a member of the Choctaw Nation. This also occurred in Choctaw County, which is Indian Country.

On May 12, 2021, the United States obtained an indictment against the defendant charging him with Count 1: First Degree Murder in Indian Country, in violation of 18 U.S.C. §§1111(a),

1151, and 1153; Count 2: Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§1111(a), 1151, and 1153; Count 3: Voluntary Manslaughter in Indian Country, in violation of 18 U.S.C. §§1112(a), 1151, and 1153; Count 4: Child Abuse in Indian Country, in violation of 18 U.S.C. §§1151 and 1153; 21 Okla. Stat. 843.5(A); Count 5: Assault resulting in serious bodily injury in Indian Country, in violation of 18 U.S.C. §§113(a)(6), 1151, and 1153; and Count 6: Assault and Battery on a Police Officer in Indian Country, in violation of 18 U.S.C. §§13, 1151, and 1152, 21 Okla. Stat. 649. *See* ECF No. 20. The defendant appeared for an Initial Arraignment on May 18, 2021, and detained pending trial. *See* ECF No. 27. On or about May 24, 2021, Counsel for the defendant filed an unopposed motion to continue pretrial motions as well as the jury trial, then set for July 6, 2021. The motion was granted by the Court on May 25, 2021, and trial was reset for October 5, 2021. *See* ECF No. 35. The Court also determined that the period of delay caused by the granting of the motion was excludable for the purposes of the Speedy Trial Act, on the basis that failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation. 18 U.S.C. § 3161(h)(7). *Id*.

On or about August 4, 2021, Counsel for the defendant filed an unopposed motion to continue pretrial motions as well as the jury trial, then set for October 5, 2021. That motion was granted by the Court on August 5, 2021, and trial was reset for January 4, 2022. *See* ECF No. 38. The Court also determined that the period of delay caused by the granting of the motion was excludable for the purposes of the Speedy Trial Act, on the basis that failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation. 18 U.S.C. § 3161(h)(7). *Id*.

On or about October 28, 2021, Counsel for the defendant filed an unopposed motion to continue pretrial motions as well as the jury trial, then set for January 4, 2022. That motion was

4

granted by the Court on November 5, 2021, and trial was reset for March 1, 2022. *See* ECF No. 41. The Court also determined that the period of delay caused by the granting of the motion was excludable for the purposes of the Speedy Trial Act, on the basis that failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation. 18 U.S.C. § 3161(h)(7). *Id*.

On February 21, 2022, Counsel for the defendant filed Notice of the Insanity Defense. *See* ECF No. 49.

On March 3, 2022, Counsel for the United States filed a Motion for Medical/Psychiatric Exam. *See* ECF No. 66. The Court granted the Motion on March 4, 2022. *See* ECF No. 67.

On March 3, 2022, Counsel for the defendant filed an unopposed motion to continue pretrial motions as well as the jury trial, then set for April 5, 2022. That motion was granted by the Court on March 4, 2022, and trial was reset for October 4, 2022. *See* ECF No. 71. The Court also determined that the period of delay caused by the granting of the motion was excludable for the purposes of the Speedy Trial Act, on the basis that failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation. 18 U.S.C. § 3161(h)(7). *Id*.

On July 7, 2022, Counsel for the United States filed an unopposed motion to continue pretrial motions as well as the jury trial, then set for October 4, 2022. That motion was granted by the Court on July 25, 2022, and trial was reset on November 1, 2022. *See* ECF No. 92. The Court also determined that the period of delay caused by the granting of the motion was excludable for the purposes of the Speedy Trial Act, on the basis that failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation. 18 U.S.C. § 3161(h)(7). *Id*.

On September 22, 2022, the Honorable Jason A. Robertson heard testimony and argument from the parties on the Defendant's Motion to Suppress. *See* ECF. No. 107.

On October 14, 2022, the Honorable Jason A. Robertson released his Findings and Recommendations under seal. *See* ECF No. 130.

On October 18, 2022, Counsel for the United States filed a Joint Motion to continue the trial date, then set for November 1, 2022. That motion was granted by the Court on October 19, 2022, and trial was reset for February 7, 2023. *See* ECF No. 135. The Court also determined that the period of delay caused by the granting of the motion was excludable for the purposes of the Speedy Trial Act, on the basis that failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation. 18 U.S.C. § 3161(h)(7). *Id*.

On or about December 14, 2022, Counsel for the United States filed an unopposed motion to continue the jury trial, then set for February 7, 2023. That motion was granted by the Court on December 15, 2022, and trial was reset for April 4, 2023. *See* ECF No. 147. The Court also determined that the period of delay caused by the granting of the motion was excludable for the purposes of the Speedy Trial Act, on the basis that failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation. 18 U.S.C. § 3161(h)(7). *Id*.

## OFFENSES ALLEGED IN THE INDICTMENT

### COUNT ONE

**MURDER IN INDIAN COUNTRY**
**[18 U.S.C. §§ 1111(a), 1151, & 1153]**

The defendant is charged in Count One of the Indictment with First Degree Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. In order to find the defendant guilty of that charge, the government must prove the following elements beyond a reasonable doubt:

First: the defendant caused the death of Emily Sizemore, the victim named in the indictment;

Second: the defendant killed the victim with malice aforethought;

Third: the killing was premeditated;

Fourth: the killing took place within the territorial jurisdiction of the United States; and

Fifth: the defendant is an Indian.

## COUNT TWO

### SECOND DEGREE MURDER IN INDIAN COUNTRY
### [18 U.S.C. §§ 1111(a), 1151, & 1153]

The defendant is charged in Count Two of the indictment with Second Degree Murder in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. In order to find the defendant guilty of that charge, the government must prove the following elements beyond a reasonable doubt:

First:   the defendant caused the death of Emily Sizemore

Second:   the defendant killed the victim with malice aforethought;

Third:   the killing took place within the territorial jurisdiction of the United States; and

Fourth:   the defendant is an Indian.

## COUNT THREE

### VOLUNTARY MANSLAUGHTER IN INDIAN COUNTRY
### [18 U.S.C. §§ 1111(a), 1151, & 1153]

The defendant is charged in Count Three of the Indictment with Voluntary Manslaughter in Indian Country in violation of 18 U.S.C. §§1112(a), 1151, and 1153. In order to find the defendant guilty of that charge, the government must prove the following elements beyond a reasonable doubt:

First:   The defendant killed Emily Sizemore.

Second:   The defendant acted unlawfully.

Third:   While in a sudden quarrel/heat of passion, and therefore without malice aforethought, the defendant acted with a depraved heart, that is, recklessly with extreme disregard for human life.

Fourth:   The killing took place within the territorial jurisdiction of the United States, to wit: Indian Country; and

Fifth:	The defendant is an Indian.

## COUNT FOUR

### CHILD ABUSE IN INDIAN COUNTRY
### [18 U.S.C. §§1151 and 1153; 21 Okla. Stat. 843.5(A)]

The defendant is charged in Count Four of the indictment with Child Abuse in Indian Country in violation of 18 U.S.C. §1151 and 1153 and 21 Okla. Stat. 843.5(A). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First:	The defendant, a person responsible for a child's health, safety, or welfare;

Second:	willfully/maliciously;

Third:	harmed/failed to protect from harm to the health, safety, or welfare;

Fourth:	of a child under the age of thirteen.

Fifth:	the abuse took place within the territorial jurisdiction of the United States; and

Sixth:	the defendant is an Indian.

## COUNT FIVE

### ASSAULT RESULTING IN SERIOUS BODILY INJURY
### IN INDIAN COUNTRY
### [18 U.S.C. §§113(a)(6), 1151 and 1153]

The defendant is charged in Count Five of the Indictment with Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§113(a)(6), 1151 and 1153 . In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First:	The defendant assaulted J.S.;

Second:	J.S. suffered serious bodily injury;

Third:	The assault was done with general intent;

Fourth:	The assault took place within the territorial jurisdiction of the United States.

8

**PROPOSED WITNESSES AND**
**TIME OF DIRECT EXAMINATION**

The United States expects to call the following witnesses in its case-in-chief. The anticipated time for the direct examination and a summary of the expected testimony is provided for each witness. (*Note:* This is not an exhaustive list of potential witnesses in the case, but merely the witnesses the Government believes may be necessary. Also, the witnesses are in no particular order.)

1. **Officer Mike House**
   **Krebs Police Department**
   **Approximately 90 minutes**

2. **Jack Mouser**
   **Approximately 30 minutes**

3. **Blane Mouser**
   **Approximately 30 minutes**

4. **Jack Suter**
   **Approximately two hours**

5. **Cody Vaughn**
   **Pittsburgh County Sheriff's Office**
   **Approximately 60 minutes**

6. **Richard Bedford**
   **McAlester Police Department**
   **Approximately 60 minutes**

7. **Colby Barnett**
   **McAlester Police Department**
   **Approximately 60 minutes**

8. **Margie Harris**
   **Approximately 30 minutes**

9. **Doris Ayers**
   **Approximately 30 minutes**

10. **Ronald Williams**

9

        **Approximately 30 minutes**

11.    **Dr. Donald Riley**
        **Approximately 75 minutes**

12.    **Special Agent John Jones**
        **Oklahoma Bureau of Investigation**
        **Approximately 90 minutes**

13.    **Custodian of Records**
        **Choctaw Nation of Oklahoma**
        **Approximately 15 Minutes**

14.    **Rebecca Auld, P.A.**
        **Approximately 90 minutes**

15.    **Dr. Jeremiah Janson**
        **Approximately 30 minutes**

16.    **Dr. Karen Siren**
        **Approximately 45 minutes**

17.    **Dr. David Arboe II**
        **Approximately 60 minutes**

18.    **Dr. Shawn Roberson**
        **Approximately 90 minutes**

19.    **Dr. Scott Orth**
        **Approximately 90 minutes**

20.    **Dr. Samuel Browning**
        **Approximately 2 hours**

## LEGAL AND EVIDENTIARY ISSUES

**Defenses, Defense Evidence, and Discovery**

Defense counsel has informed the United States that it intends to offer the affirmative defense of not guilty by reason of insanity.

**Stipulations**

The parties will stipulate that the defendant is an Indian and that the offense in question occurred on Indian Country.

**Pre-admission of Exhibits**

The Government will request a conference with defense counsel regarding the pre-admission of the Government's Exhibits.

**Rule of Sequestration**

The United States requests the Court instruct the witnesses for both the United States and the Defense to comply with Rule 615 of the Federal Rules of Evidence. The United States will request that FBI S/A Joseph Dick be allowed to sit at counsel table as the case agent.

**Evidentiary Matters**

The Government does not plan to file motions *in limine*. The Government has only filed:

- Government's Notice of Intent to Offer Expert Witnesses

The Government would also file a response to any motions filed by the defense.

## CONCLUSION

The Government respectfully submits this Trial Brief in an attempt to anticipate the factual and legal issues which may arise at trial. The Government requests that the Court grant it leave to submit additional briefing should subsequent issues be identified.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

David L. Jaffe
Chief, Organized Crime and Gang Section

          */s/ Lisa K. Man*
          Lisa K. Man
          MD Bar No. 0706110155
          Trial Attorney
          United States Department of Justice
          Organized Crime and Gang Section
          1301 New York Avenue, Suite 700
          Washington, D.C. 20005
          (202) 412-6584
          Lisa.Man@usdoj.gov

          /s/ Gerald A. A. Collins
          Gerald A. A. Collins
          Trial Attorney
          United States Department of Justice
          Organized Crime and Gang Section
          1301 New York Avenue, Suite 700
          Washington, DC 20005
          (202) 262-6484
          Gerald.A.Collins@usdoj.gov

## CERTIFICATE OF SERVICE

      I, hereby certify that on March 6, 2023, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Lisa Peebles, Attorney for Defendant.

          */s/ Lisa K. Man*
          Lisa K. Man
          Trial Attorney