# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEVIN WARREN SIZEMORE,<br><br>    Defendant. | Case No. CR-21-138-RAW |

## ORDER

This action arises from the death of the Defendant's 21 month-old daughter, Emily Sizemore. The Defendant is charged in the Indictment with five counts pursuant to the United States' Indian Country jurisdiction – murder, second degree murder, voluntary manslaughter, child abuse, and assault resulting in serious bodily injury. The sixth count of the Indictment, assault and battery on a police officer in Indian Country, was dismissed on the Government's motion.

Now before the court are the Defendant's motion to suppress [Docket No. 46] and the Government's response thereto [Docket No. 94]. Also before the court are the Magistrate Judge's Sealed Findings and Recommendation, entered after a hearing on the motion to suppress held on September 22, 2022, recommending that the Defendant's motion to suppress be denied [Docket No. 130], the Defendant's objection thereto [Docket No. 137], and the Government's response to Defendant's objection [Docket No. 140].

The Defendant moves for suppression of his statements to law enforcement made during a custodial interview on July 15, 2016 that lasted approximately 30 minutes. The Defendant

argues in his motion to suppress and again in his objection to the R&R that (1) his statements were unconstitutionally elicited after he invoked his rights to silence and counsel; and (2) he did not voluntarily, knowingly, and intelligently waive his *Miranda* rights.

The court has reviewed the briefing, the transcript of the proceedings held on September 22, 2022 [Docket Nos. 124 and 125], the audio recording of the July 15, 2016 custodial interview, the Notification of Rights Waiver signed by the Defendant at 7:20 a.m. on July 15, 2016 [Docket No. 46-2], and Dr. Matthew Clem's report of competency to waive *Miranda* rights based on his evaluation performed on October 18 and 19, 2021 [Docket No. 46-1]. After a *de novo* review, the court finds the Magistrate Judge's Findings and Recommendation are well-supported by the law and evidence.

In order to invoke *Miranda* rights, a defendant must make the request "unambiguously." "If an accused makes a statement concerning the right to counsel 'that is ambiguous or equivocal' or makes no statement, the police are not required to end the interrogation . . . or ask questions to clarify whether the accused wants to invoke his or her Miranda rights." *Berghuis v. Thomkins*, 560 U.S. 370, 381 (2010).

As the Magistrate Judge points out, Agent Jones was painstakingly careful about advising the Defendant of each of his rights and ensuring that he understood each one while reading from the Notification of Rights Waiver form. Despite Agent Jones mentioning that he was hard of hearing and asking the Defendant to speak up, the Defendant continued to be extremely soft spoken and difficult to hear during the interview. The Magistrate Judge found that Agent Jones reasonably asked the Defendant follow-up questions to clarify whether he wanted to invoke or waive his *Miranda* rights after the Defendant answered "no" to the question of whether he wanted to speak without a lawyer present.

The Defendant argues that "no" is unambiguous and that as soon as he uttered it, the interview should have ended. The court agrees that ordinarily "no" is unambiguous. Nevertheless, when "no" is uttered at a volume that is barely audible or inaudible to the naked ear – it was inaudible to the court's ear on the recording played repeatedly and at top volume – it is ambiguous. Even if Agent Jones could hear the "no," it must have been at a barely audible whisper. Agent Jones acted appropriately in asking questions to clarify whether the Defendant wanted to invoke or waive his *Miranda* rights. *Berghuis v. Thomkins*, 560 U.S. 370, 381.

The Defendant also argues that the audio recording reflects a tonal inflection in Agent Jones' voice that indicates his surprise to hear the Defendant's "no." The court strongly disagrees. Agent Jones' voice was kind, steady, and audible throughout this line of questioning. The court agrees with the Magistrate Judge's finding that "the exchange was brought about by the circumstances of the interview – namely, Defendant's quiet speaking volume and not an effort to coerce Defendant into making incriminating statements after an invocation of his right to counsel and to remain silent."

"The determination of voluntariness is based on the totality of the circumstances. Relevant circumstances embrace both the characteristics of the accused and the details of the interrogation." *United States v. Lopez*, 437 F.3d 1059, 1063 (10th Cir. 2006). The court considers: "(1) the age, intelligence, and education of the defendant; (2) the length of detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subject to physical punishment." *Id*. at 1063-64.

Recognizing the burden of the Government to show a statement is voluntary by a preponderance of the evidence, the Magistrate Judge considered each of these five factors and

found each in favor of voluntariness. Ultimately, the Magistrate Judge found from the totality of the circumstances that the Defendant's statements were made knowingly, intelligently, and voluntarily. The court agrees.

The Defendant argues that the Magistrate Judge's Findings and Report ignores the Defendant's mental and physical condition at the time of the interrogation, educational and intellectual background, and mental health, as well as cherry-picks raw data to undermine Dr. Clem's report. It is clear from Findings and Recommendation that the Magistrate Judge considered Defendant's mental and physical condition at the time of the interrogation, educational and intellectual background, and mental health. Moreover, the court has considered them and agrees with the Magistrate Judge's finding that the Defendant voluntarily waived his rights based on a totality of the circumstances. The court also agrees with the Magistrate Judge's rejection of Dr. Clem's conclusions as inconsistent with the raw test data and the novelty of the use of Standardized Assessment of Miranda Abilities test, which was also administered more than five years after the Defendant's statements.

After a *de novo* review, the motion to suppress is hereby DENIED, and the Findings and Recommendation are hereby affirmed and adopted as this court's findings and order.

**IT IS SO ORDERED** this 13th day of March, 2023.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**