IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>DEVIN WARREN SIZEMORE,<br><br>*Defendant.* | Case No.: 6:21-cr-00138-RAW |

**GOVERNMENT'S MOTION TO COMPEL DISCOVERY**

COMES NOW the United States of America, by and through its attorneys, Christopher J. Wilson, United States Attorney for the Eastern District of Oklahoma, and David L. Jaffe, Chief, Organized Crime and Gang Section, and Lisa K. Man and Gerald A. A. Collins, Trial Attorneys, Organized Crime and Gang Section, U.S. Department of Justice, and hereby requests that this Court compel the defendant to remit information pertaining to their expert witnesses in compliance with Federal Rule of Criminal Procedure 16(b)(1)(C). In support of its motion, the United States proffers the following:

On May 12, 2021, a federal grand jury in the Eastern District of Oklahoma – Muskogee Division, issued a six-count indictment against the defendant charging him with Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153 (Count One), Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153 (Count Two), Voluntary Manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1112(a), 1151, and 1153 (Count Three), Child Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151 and 1153 and 21 Okla. Stat. 843.5(A) (Count Four), and Assault Resulting in Serious Bodily Injury

1

in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151 and 1153 (Count Five). (Doc. No. 20).[1]

Prior to the filing of federal charges, the defendant was tried and convicted in Oklahoma state court. Specifically, on October 31, 2018, in the District Court of Pittsburg County, the defendant was convicted of Murder First Degree and Assault and Battery of a Police Officer. (Oklahoma v. Sizemore, Case No. CF-2016-593, in the District Court of Pittsburg County). Thereafter, he was sentenced to life without parole for the murder conviction with a five-year sentence for Assault and Battery of a Police Officer. Following the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020), the defendant appealed his conviction. The Oklahoma Court of Criminal Appeals vacated his judgment and sentence and remanded the case to the district court with instructions to dismiss. (Sizemore v. Oklahoma, 2021 OK CR 6, Case No. F-2018-1140, Apr. 5, 2021).

On February 21, 2022, the defendant filed a Motion to Suppress and a Notice of Expert Testimony in Support of said Motion (Doc. No. 46). The defendant indicated that he would call Dr. Matthew Clem to testify that the defendant did not voluntarily, knowingly, and intelligently waive his Miranda rights and provided notice to call Dr. Clem as an expert witness (Doc. No. 46). Dr. Clem's report was attached as an exhibit (Doc. No. 46, Attachment 1). In his report, Dr. Clem evaluated the defendant's competency to waive his Miranda rights and utilizes, in part, the Standardized Assessment of Miranda Abilities ("SAMA") test to come to his conclusion that the defendant was not, in fact, competent to waive his Miranda rights. On September 22, 2022, the Honorable Magistrate Judge Jason A. Robertson conducted an evidentiary hearing and heard testimony and argument from the parties (Doc. No. 107). The

---

[1] Count Six of the Indictment charging Assault and Battery on a Police Officer in Indian Country, in violation of 18 U.S.C. §§ 13, 1151 and 1152 and 21 Okla. Stat. 649 was dismissed on the government's motion by the Court. (Doc. Nos. 80, 81).

government called Oklahoma State Bureau of Investigations Agent John Jones; the defendant called Dr. Clem. On October 14, 2022, the Honorable Magistrate Judge Jason A. Robertson issued his Finding and Recommendation that the defendant's Motion be denied. (Doc. No. 130). On October 28, 2022, the defendant filed his objection to Judge Robertson's Findings and Recommendations. (Doc. No. 137). On November 4, 2022, the Government filed their response to the defendant's objection. (Doc. No. 140). On March 13, 2023, the Honorable Judge Ronald A. White denied the defendant's Motion to Suppress and affirmed and adopted Judge Robertson's Findings and Recommendation. (Doc. No. 165)

On October 11, 2022, the defendant filed his notice of intent to call expert witnesses. (Doc. No. 114). The defendant intends to call the following experts: Dr. Matthew Clem, who will testify about the defendant's mental disease or defect and other mental conditions bearing on the issue of the defendant's alleged guilt…and about the defendant's mental condition leading up to and immediately after the alleged offense." Dr. Scott F. LaPoint, who will testify about the circumstances surrounding the death of Emily Sizemore, including the manner, cause, and timing death, as well as recovery efforts and the defendant's; and Dr. Richard Leo, who, should the defendant's statement be admitted, will testify about the circumstances surrounding the defendant's statement, including the factors bearing on the voluntariness and reliability of an alleged statement. *Id*.

On March 6, 2023, the defendant filed his amended notice of intent to call expert witness (Doc. No. 162), which include the aforementioned three experts with the addition of Dr. Kelly Andrejcyk – Beatty, a psychiatrist at the Choctaw Nation of Oklahoma Health Services Authority.

On March 16, 2023, the parties held their pre-trial conference in front of the U.S. District Court Honorable Ronald A. White. During that time, Judge White inquired whether

the United States would have any objections as to the proffered experts by the defendant, and the undersigned indicated that the government would object to the substance of their testimony because the notices did not comply with the newly amended Federal Rules of Criminal Procedure 16(b)(1)(C). In support of that objection, the government files the instant motion.

The Federal Rules of Discovery Rule 16(b)(1)(C), which were amended on December 1, 2022, governs the rules of discovery pertaining to expert witnesses. Rule 16(b)(1)(C) states that "at the government's request, the defendant must disclose to the government, in writing, the information required…for any testimony that the defendant intends to use under Federal Rules of Evidence 702, 703, or 705." Rule 16(b)(1)(C)(iii) further expounds that the disclosure for each expert witness must contain "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."

Federal Rule of Criminal Procedure 26.2(a) states: "After a witness other than the defendant has testified on direct examination, the court, on motion of the party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Rule 26.2 defines a statement to include, "a written statement that the witness makes and signs, or otherwise adopts or approves". See Federal Rule of Criminal Procedure 26.2(f)(1). In addition, the rule affords the party who requests the statement a recess to review the statement.

4

While the defendant has previously provided the notice of expert witnesses as delineated above, the notices are lacking in several respects. The defendant has failed to produce a complete statement of all opinions that the defendant will elicit from the witnesses in the defendant's case-in-chief; the bases and reasons for them; the witness' qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition, which are required by Federal Rule of Criminal Procedure 16(b)(1)(C)(iii). In addition, the Rules require that the witness must approve and sign the disclosure, and if the disclosure is unsigned, the defendant must state in the disclosure why the defendant could not obtain the witness' signature through reasonable efforts; or has previously provided a report, signed by the witness, that contains all the opinions and the bases and reasons for them.

Despite the Government's request for such, with the exception of Dr. Clem, who has issued a December 15, 2021 report (Doc. No. 46), the defendant has not produced any statement about any opinion on which the witness will opine, the bases and reasons for such an opinion, any publications from the last 10 years, or prior testimony in the past four years. In addition, the defendant has not produced any disclosures by Drs. LaPoint, Leo, or Andrejcyk – Beatty, much less disclosures approved and signed by these witness or reasons why the defendant could not obtain these witness' signature through reasonable efforts.

Counsel for the government inquired as to whether the defendant intended to file any amended notices of experts. Counsel for the defendant indicated that she did not intend to file any amended notices nor does she expect that Drs. LaPoint, Leo, or Andrejcyk – Beatty will generate any reports. While counsel for the defendant has indicated that she expects Dr. Andrejcyk – Beatty to testify as a fact witness, the notice of expert witness states that Dr. Andrejcyk – Beatty will testify about her evaluation and treatment of the defendant from

December 2016 through August 2017. She will be testifying as an expert and should be treated as such by the Court. For these reasons, the defendant has not fulfilled his obligations under Rule 16(b)(1)(C) in regard to Drs. LaPoint, Leo, or Andrejcyk – Beatty.

To avoid unnecessary delay at the April 3, 2023 trial and based on the above representations, the government respectfully requests that the Court compel the defendant to comply with the above-referenced section of the Rules and provide the requested materials to the government in advance of the April 3, 2023 trial, or alternatively, preclude Drs. LaPoint, Leo, or Andrejcyk – Beatty from testifying.

Dated: March 17, 2023

      Respectfully submitted,

      CHRISTOPHER J. WILSON
      United States Attorney


      _____/s/__Lisa K. Man_____
      Lisa K. Man
      Trial Attorney
      United States Department of Justice
      Organized Crime and Gang Section
      1301 New York Avenue, Suite 700
      Washington, D.C. 20005
      (202) 412-6584
      Lisa.Man@usdoj.gov


      _____/s/__Gerald A. A. Collins_____
      Gerald A. A. Collins
      Trial Attorney
      United States Department of Justice

Organized Crime and Gang Section
1301 New York Avenue, Suite 700
Washington, D.C. 20005
(202) 262-6484
Gerald.A.Collins@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2023, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for Filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing for the following ECF registrants: Lisa Peebles, Counsel for the Defendant

       /s/   *Lisa K. Man*
Lisa K. Man