IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:21-cr-00138-RAW |
| Plaintiff, | |
| vs. | **Response to Government's Motion to Compel** |
| DEVIN WARREN SIZEMORE, | |
| Defendant. | |

COMES NOW the Defendant Devin Sizemore, by and through his assigned counsel, and hereby submits this response to the government's motion to compel information pertaining to defense expert witnesses in compliance with Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, Dkt. No. 171.  More particularly, the government seeks a statement about opinions on which each expert witness will opine, the bases and reasons for such opinions, any publications from the last 10 years, and prior testimony from the past four years.  This Court should reject the government's motion to compel for the following reasons.

Mr. Sizemore originally filed a notice of intent to offer expert witnesses on October 11, 2022.  He listed three expert witnesses:  Dr. Matthew Clem, Dr. Scott LaPoint, and Richard Leo, Ph.D., J.D.  Dkt. No.

1

114. On March 6, 2023, Mr. Sizemore filed an amended notice of intent to offer expert testimony. Dkt. No. 162. In addition to the three witnesses noticed in the original filing, Mr. Sizemore added Dr. Kelly S. Andrzejczyk-Beatty. Through this filing, Mr. Sizemore withdraws his notice to offer any expert testimony by Dr. Matthew Clem and Richard Leo. Mr. Sizemore now only intends to offer expert testimony through two witnesses: Dr. Scott LaPoint and Dr. Kelly S. Andrzejczyk-Beatty.

Although Mr. Sizemore provided expert notice, Mr. Sizemore does not have to comply with Rule 16(b)(1)(C). The Rule makes clear that a defendant is only required to provide an expert disclosure for testimony the defendant intends to use during his case-in-chief at trial if (1) "the defendant requests disclosure under [Rule 16](a)(1)(G) and the government complies"; or (2) "the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition." Fed. R. Crim. P. 16(b)(1)(C)(i).[1] Mr. Sizemore has never made a request for disclosure under Rule 16(a)(1)(G) and he has withdrawn his

---

[1] Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, which establishes a defendant's obligations to disclose expert witness testimony, was amended on December 1, 2022. Although the amended Rule adds to the defendant's obligations, it is still only triggered if one of two conditions are met. Because they are not, Mr. Sizemore has no obligations under the pre- or post-2022 amended version of Rule 16(b)(1)(C).

Rule 12.2(b) notice. The government does not suggest otherwise. Therefore, he is not subject to the expert witness disclosure Rule.

Moreover, Mr. Sizemore only intends to call Dr. Scott LaPoint as a rebuttal witness rather than in support of his case-in-chief.[2] Depending on the testimony of Dr. Arboe, who conducted Emily Sizemore's autopsy and is being called by the government, Dr. LaPoint may be called to provide rebuttal testimony concerning the cause and manner of Emily Sizemore's death. In addition, depending on the testimony of Dr. Donald Riley, who treated Mr. Sizemore's injuries and is being called by the government, Dr. LaPoint will testify about Mr. Sizemore's physical condition following his arrest. Therefore, Dr. LaPoint's testimony is not subject to the Rule.

Nevertheless, in the spirit of fairness and judicial economy, Mr. Sizemore recently filed a disclosure statement for Dr. LaPoint. In doing so, however, he does not concede that he is subject to the Rule.

As for Dr. Andrzejczyk-Beatty, Mr. Sizemore has already provided everything in his possession. Despite serving Dr. Andrzejczyk-Beatty a

---

[2] Amended Rule 16(b)(1)(C) makes clear that a defendant need only provide a disclosure statement for witnesses called during the defendant's case-in-chief at trial.

3

subpoena and attempting to contact her on several occasions, defense counsel has been unable to connect with Dr. Andrzejczyk-Beatty to obtain any additional information. Therefore, Mr. Sizemore simply cannot provide anything more than what is contained in her treatment records. Should defense counsel obtain any information falling within Rule 16, we will timely share it with the government.

Respectfully submitted,

*/s/*
Lisa A. Peebles
Federal Public Defender – NDNY
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080
Lisa_Peebles@fd.org

**Certificate of Electronic Filing and Service**

      This is to certify that on this 22nd day of March, 2023, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Lisa Man, AUSA, and Gerald Collins, AUSA. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

                                      */s/*
                                      Lisa A. Peebles
                                      Federal Public Defender