# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:21-cr-00138-RAW-1 |
| Plaintiff, | |
| vs. | **RESPONSE TO GOVERNMENT'S UNNUMBERED MOTION IN LIMINE AND REPLY TO GOVERNMENT'S REPSONSE TO DEFENDANT'S TENTH MOTION IN LIMINE** |
| DEVIN WARREN SIZEMORE | |
| Defendant. | |

Defendant Devin Sizemore, by and through his assigned counsel, responds to the government's unnumered motion in limine filed today. Dtk. No. 182. This Court should deny the government's request to exclude Defendant's Exhibits 1-9, 13, 15, 16-21, 22, 24, 26, 27, and 28.

Beginning with Defendant's Exhibits 1-9, it is not clear whether the government seeks to preclude all or just some of the photographs. In either case, this Court should reject the government's motion because the photographs are necessary to establish Devin Sizemore's demonstrable love, care, and affection for his daughter, Emily. Larry Paxton, who took the photographs, will testify at trial and provide additional context about when they were taken and how the mutual love of Devin and Emily was

1

apparent. The love Mr. Sizemore exhibited for his daughter demonstrates the lack of any motive and rebuts the claim of an intentional homicide.

Defendant's Exhibit 13, which consist of mental health records, corroborates the various accounts given by individuals leading up to July 15, 2016 that Devin Sizemore was mentally unstable. That fact explains why those individual were concerned about Devin's absence, why the police were urgently looking for him, and why Devin was at the property. His mental health issues also explain his response to police confrontation and the statements he made during his interrogation. Devin Sizemore's mental health are critical to the defense.

Contrary to the government's suggestion, statements contained in Defendant's Exhibit 15 are not hearsay because they are not being offered for the truth of the matter asserted.

In compliance with this Court's directive, Defendant's Exhibits 16 through 21 contain embedded transcripts. Those transcripts serve simply as an aid to assist the jury. Defense counsel agrees that the jury should be instructed that it is the final factfinder concerning the statements contained in the body cameras.

Christina Sam's 911 and the BOLO dispatch call contained in Defense Exhibits 22 and 23 mark the beginning of law enforcement's involvement in this case. They are necessary to provide background for why the police became involved and how they conducted the investigation. The statements provided by Christina Sam are being offered for the effect on the listener and are not hearsay. Moreover, the statements are the *res gestae* of the case.

Michelle Rivera, who is on the dispatch call in Defendant's Exhibit 24 will testify at trial. She will testify about what she was told by Pittsburgh County Sheriff's Deputies about their observations on July 15, 2016. Even if hearsay, those statements fall within the present sense impression and excited utterance exceptions of Rules 801(1) and (2) of the Federal Rules of Evidence. Because Michelle Rivera is testifying, there is no possible double hearsay issue.

Defendant's Exhibits 26 and 28 will be used to impeach Officer Suter and may be admissible for that purpose.

This Court should also reject the government's response in opposition to Defendant's Tenth Motion in Limine. Mr. Sizemore is not contesting that the 21-month-old at issue is Emily Sizemore and that her cause of

death was drowning. While the government proposed a stipulation containing those two facts, the stipulation also contained other unnecessary claims. Mr. Sizemore would enter into a revised stipulation limited to Emily Sizemore's identity and cause of death. Even aside from any such stipulation, however, the photographs contained in Government's Exhibits 58 and 59 are unduly prejudicial and only serve to inflame the jury's passions, especially where Mr. Sizemore is not contesting Emily Sizemore's identity or cause of death. Accordingly, the photographs should be precluded because they are gratuitous and grotesque.

April 2, 2023                                   Respectfully submitted,


                                                */s/*
                                                Lisa A. Peebles
                                                Federal Public Defender
                                                4 Clinton Square, 3rd Floor
                                                Syracuse, NY 13202
                                                (315) 701-0080
                                                Lisa_Peebles@fd.org

## Certificate of Electronic Filing and Service

This is to certify that on this 2nd day of April, 2023, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Lisa Man, AUSA, and Gerald Collins, AUSA. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/
Lisa A. Peebles
Federal Public Defender