IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| | ) | No. | 6:21-cr-00138-RAW |
| v. | ) | | |
| | ) | | |
| DEVIN WARREN SIZEMORE | ) | | |

**MOTION TO SET SENTENCING HEARING SCHEDULE**

The United States of America, through Christopher J. Wilson, the United States Attorney for the Eastern District of Oklahoma, and Dave L Jaffe, the Chief of the Violent Crime and Racketeering Section, U.S. Department of Justice, respectfully requests that the Court set a schedule for the sentencing hearing in the above-referenced case. In support of that request, the government sets forth as follows:

1.     On May 12, 2021, a federal grand jury in the Eastern District of Oklahoma – Muskogee Division, issued a six-count indictment against the defendant charging him with Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153 (Count One), Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151 and 1153 (Count Two), Voluntary Manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1112(a), 1151, and 1153 (Count Three), Child Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151 and 1153 and 21 Okla. Stat. 843.5(A) (Count Four), and Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151 and 1153 (Count Five). (ECF. No. 20).[1]

---

1. Count Six of the Indictment charging Assault and Battery on a Police Officer in Indian Country, in violation of 18 U.S.C. §§ 13, 1151 and 1152 and 21 Okla. Stat. 649 was dismissed on the government's motion by the Court. (Doc. Nos. 80, 81).

1

2.      On April 3, 2023, this matter proceeded to trial before the Honorable Judge Ronald A. White. (ECF No. 185). On April 7, 2023, a jury returned guilty verdicts against the defendant on two counts of the indictment and not guilty findings on the remaining counts. (ECF No. 195).

3.      On July 31, 2023, a draft Pre-Sentence Investigation Report ("PSR") was prepared in anticipation of sentencing in this matter. (ECF. No. 197). In response, the parties submitted proposed corrections and objections to said draft PSR (ECF Nos. 199 and 202). Subsequently, on November 9, 2023, the defense submitted a response to the government's objection to the draft PSR. (ECF No. 202). A final PSR has yet to be issued.

4.      Title 18, United States Code, Section 3771 codifies the rights of crime victims in federal prosecutions. Those rights include "[t]he right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C. § 3771(a)(2). Those rights also include "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." *Id.* § 3771(a)(4).

5.      The government has an important role to play in ensuring that the victims of crime are afforded the rights accorded to them in § 3771(a). As provided in § 3771(c), "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in" § 3771(a).

6.      Courts, likewise, have an important role to play in ensuring that victims of crime are afforded these rights. As provided in § 3771(b)(1), "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights

2

described in" § 3771(a).

7.     Here, the government anticipates in-person victim impact statements at the sentencing hearing for the defendant. The government has been in contact with some of the individuals who will potentially be providing these statements and understand that they will be traveling from out of state to attend the proceedings. The government may be assisting with their travel to the Eastern District of Oklahoma and with other accommodations. Typically, the government requires a few weeks to coordinate these arrangements, as well as to identify funding for such expenses, which may require the approval of partner agencies administering these resources.

8.     Furthermore, both counsel for the government and the defense are located outside of the Eastern District of Oklahoma (Washington, D.C., and New York, respectively), their appointments having been required by the substantial increase in cases filed in federal court after the decision in *McGirt v. Oklahoma*. The government, in particular, has matters scheduled throughout the country in the upcoming months. The issuance of a scheduling order will assist the government (and presumably the defense) in properly preparing for a sentencing hearing and other matters it has to schedule.

9.     Because of the aforementioned concerns, the government respectfully requests that the Court set a sentencing hearing schedule in the above-referenced case as soon as possible, consisting of a deadline for a final PSR, due dates for the submission of sentencing memorandums, and a date certain for the sentencing hearing. Setting this schedule as soon as possible, will afford the parties with adequate notice in order to prepare and schedule travel. It will also provide the government sufficient time to arrange travel and lodging for the individuals potentially providing

3

victim impact statements. Additionally, it will provide the defendant with sufficient time to make whatever arrangements may be need or wanted to make for any witnesses planned to be call at the sentencing hearing. Any further delay, however, risks offending the rights accorded to victims under § 3771(a), including the right to reasonably and timely notice of public court proceedings and the right to be reasonably heard at sentencing hearings. That is because the victims in these cases require sufficient notice of the specific date and time of the sentencing hearings they plan to attend (and, in some cases, where they plan to provide a victim impact statement to the Court), and because the government requires sufficient time to assist with travel and lodging reservations for these victims, if necessary, in order to comply with its obligations under § 3771(c).

10.     Lastly, the government respectfully requests that, in the alternative to setting a sentencing hearing schedule, the Court schedule a status hearing where the parties can discuss proposed schedules.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

DAVID L. JAFFE
Chief, Violent Crime and
Racketeering Section
U.S. Department of Justice

_____/s/_____
Gerald A. A. Collins
Trial Attorney
United States Department of Justice
1301 New York Avenue, Suite 700
Washington, D.C. 20005
(202) 262-6484
Gerald.A.Collins@usdoj.gov

4

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 14, 2023, I electronically served one copy of the government's Motion to Set Sentencing Hearing Schedule with the Clerk of the Court by using the CM/ECF system, which will automatically send notification to counsel for the above-referenced defendant.

                                     Respectfully submitted,


                                     _____/s/_____
                                     Gerald A. A. Collins
                                     Trial Attorney